[S. F. No. 4851. In Bank.—February 24, 1908.]

E. M. GALVIN, individually, and E. M. GALVIN, as Administrator, etc., Petitioner, v. JOHN HUNT, as Judge of the Superior Court of the City and County of San Francisco, Respondent.

BILL OF EXCEPTIONS—INCORRECT ENGROSSMENT—REFUSAL TO CERTIFY.
—A trial judge is justified in refusing to sign and certify an engrossed bill of exceptions if it fails to truly and fully set forth the matters directed to be inserted therein on the settlement thereof or to correctly exhibit the proceedings which the bill purports to introduce into the record on appeal.

ID.—EXCUSABLE OMISSION IN ENGROSSMENT—PAPERS IN POSSESSION OF ADVERSE PARTY—EXTENSION OF TIME FOR ENGROSSMENT.—A trial judge would not be justified in refusing to sign and certify an engrossed bill of exceptions solely because it failed to set out certain documents which were ordered to be inserted on the settlement of the bill, when the failure was due to the facts that the originals of such documents had been lost and the only existing copies thereof were in the possession of the adverse party, who refused to permit them to be used for insertion in the bill. Under such circumstances the judge should require the adverse party to produce the copies and grant further time for their insertion in the engrossed bill.

APPLICATION for a Writ of Mandate directed to a Judge of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, Robert Ash, and E. M. Galvin, *in pro. per.*, for Petitioner.

John J. Barrett, George C. Ross, and Garoutte & Goodman, for Respondent.

SHAW, J.—This is a proceeding in *mandamus* to compel the respondent to sign a bill of exceptions in his official capacity as judge of the superior court of the city and county of San Francisco.

It is alleged in the petition that the bill of exceptions, after having been duly settled by the respondent, was by him or-

dered engrossed, that petitioner thereupon engrossed the bill and presented the same to respondent for his certificate and signature, whereupon he refused to sign or certify it.

The petitioner, who was the plaintiff in the suit of Galvin *v.* Fannen, served on the defendant, Fannen, a draft of his proposed bill of exceptions. Fannen in due time served on Galvin his proposed amendments thereto. The proposed bill and amendments were then presented to the judge and by him settled, a number of the amendments being allowed, and this made it necessary to engross the bill for certification and signature. The petitioner was directed to engross it, accordingly, and was allowed ten days to do so. Within that time he presented to the respondent for signature the document which he claims was the engrossed bill. The respondent refused to sign the same, on the ground that it was not properly or correctly engrossed.

Among the amendments proposed and allowed were two calling for the insertion of certain documents which had once been in possession of Galvin, or his attorney, but which, through the carelessness of one of their employees, had been lost. The only existing copies of these documents were in possession of the attorney of the defendant, Fannen, and said attorney refused to allow Galvin or his attorney to see these copies in engrossing the bill, or to give them the opportunity to have copies thereof made for that purpose. In the proposed amendments these documents were not set out in full, but were merely referred to therein by description. In the engrossed bill they were omitted and in lieu thereof the descriptions contained in the proposed amendments were set out. In excuse for this omission it was stated therein that the plaintiff was unable to insert them because he had not been furnished with copies. The respondent, in his answer to the petition herein, alleges that the petitioner did have copies of the lost documents and could have inserted them, but upon the hearing before this court, it was shown by affidavit, and virtually admitted, that the only copies the petitioner ever possessed were the originals which had been lost before the settlement of the bill. One of the objections to the engrossed bill was the omission of these documents.

The petitioner contends that it was the duty of the respondent, under the circumstances stated, to require the attor-

ney for Fannen to produce his copies of the documents for use in engrossing the bill, or to afford the petitioner an opportunity to copy them for that purpose and to allow the petitioner further time to engross the bill until this could be done. If this were the only objection to the engrossed bill offered we think it would have been the duty of the judge to do as petitioner contends. But an inspection of the so-called engrossed bill shows that it is defective in many other particulars. The petitioner had merely copied the plaintiff's draft, as originally proposed, with certain blanks therein filled by inserting the documents called for, and had attached to it a copy, *in hæc verba,* of the amendments allowed thereto. Some of these amendments called for the omission of long passages of the original draft and the insertion of other and different matter in lieu thereof. Others required the insertion of copies of documents, either in the possession of Galvin or his attorney, or accessible to them. The result of this method of engrossment is a mass of rather incoherent matter, much of which should not appear at all, and the omission of other material matters which should and could have been inserted. In addition to these substantial defects, it appears that the engrossed bill embraces numerous other errors in copying, several of which are material. If the lost documents were supplied and correctly copied, the engrossed bill would nevertheless, because of the other errors referred to, fail to truly or fully set forth the matters directed to be inserted therein, or to correctly exhibit the proceedings which the bill would purport to introduce into the record on appeal. The petitioner did not make to the trial judge, and does not make here, any excuse whatever for the incorporation of these errors into the engrossed bill. The respondent, for these reasons, was fully justified in refusing to settle or certify the bill as presented.

The writ is denied.

Angellotti, J., McFarland, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.